1  Michele R. Stafford, Esq. (SBN 172509)
   Muriel B. Kaplan, Esq. (SBN 124607)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mstafford@sjlawcorp.com
5  mkaplan@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 BAY AREA PAINTERS AND TAPERS            Case No.:  C13-0226 YGR
   PENSION TRUST FUND, et al.
11                                         **NOTICE OF ACKNOWLEDGMENT;
          Plaintiffs,                      and JUDGMENT PURSUANT TO
12                                         STIPULATION; AND ORDER RE
               v.                          SAME**
13
   LML ENTERPRISES, INC., a California
14 corporation; and ROBERT BRANDON
   MERCADE, an individual,
15
          Defendants.
16

17

18         IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the

19 parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs  BAY

20 AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or

21 "Trust Funds") and against Defendant LML ENTERPRISES, INC., a California corporation, and

22 and/or alter egos and/or successor entities (collectively "Defendants"), as follows:

23         1.      Defendants entered into a valid Collective Bargaining Agreement with the

24 Northern California Painters Master Agreement between District Council 16 and Northern

25 California Painting and Finishing Contractors Association (hereinafter "Bargaining Agreement").

26 This Bargaining Agreement has continued in full force and effect to the present time.

27         2.       Sean Christopher Lyons, in his capacity as CEO/President of Defendant LML

28

Enterprises, Inc., hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order in Civil Cases – Judge Yvonne Gonzalez Rogers (updated September 12, 2012); Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF Registration Information Handout; Welcome to the U.S. District Court – San Francisco; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16.

      3.      Defendants have become indebted to the Trust Funds as follows:

| July 2012 | Contributions | $7,855.30 | |
| | 20% Liquidated Damages | $1,571.06 | |
| | 5% Interest (through 2/27/13) | $193.69 | |
| | | | $9,620.05 |
| August 2012 | Contributions | $33,235.40 | |
| | 20% Liquidated Damages | $6,647.08 | |
| | 5% Interest (through 2/27/13) | $682.92 | |
| | | | $40,565.40 |
| September 2012 | Contributions | $20,208.72 | |
| | 20% Liquidated Damages | $4,041.74 | |
| | 5% Interest (through 2/27/13) | $329.43 | |
| | | | $24,579.89 |
| October 2012 | Contributions | $18,025.22 | |
| | 20% Liquidated Damages | $3,605.04 | |
| | 5% Interest (through 2/27/13) | $219.76 | |
| | | | $21,850.02 |
| November 2012 | Contributions | $31,218.30 | |
| | 20% Liquidated Damages | $6,243.66 | |
| | 5% Interest (through 2/27/13) | $248.04 | |
| | | | $37,710.00 |
| December 2012 | Contributions | $19,352.10 | |
| | 20% Liquidated Damages | $3,870.42 | |
| | 5% Interest (through 2/27/13) | $71.58 | |
| | | | $23,294.10 |
| January 2013 | Contributions | $34,570.99 | |
| | 20% Liquidated Damages | $6,914.20 | |
| | | | $41,485.19 |
| Liquidated Damages (March 2012 – May 2012) | | | $1,864.04 |
| | | SUB-TOTAL: | $200,968.69 |
| **Attorneys' Fees (through 2/26/13)** | | | **$4,696.00** |
| **Cost of Suit** | | | **$350.00** |
| | | **TOTAL:** | **$206,014.69** |

4.      Defendants shall *conditionally* pay the amount of **$171,257.45,** representing all of the above amounts, less liquidated damages in the amount of **$34,757.24**. *This conditional waiver of this Stipulation,* as follows:

(a)      Beginning on **March 15, 2013**, and on or before the 15<u>th</u> day of each month thereafter for a period of twelve (12) months through and including February 15, 2014, Defendants shall pay to Plaintiffs the amount of **$14,661.00** per month;

(b)      Payments may be made by joint check, to be endorsed by Defendant, to Plaintiffs prior to submission.  Any and all joint checks received for amounts owed under the Stipulation, regardless of when they are received, will be applied to reduce the balance due. Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c)      Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest from February 28, 2013, at the rate of 5% per annum in accordance with the Collective Bargaining Agreements and Plaintiffs' Trust Agreements;

(d)      Checks shall be made payable to the ***Bay Area Painters & Tapers Trust Fund***, and delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs;

(e)      At the time that Defendants makes their 11th payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their 11th payment.  Defendants will be advised as to whether or not the waiver has been granted prior to the final payment hereunder. Such waiver will not be considered until and unless all other amounts are paid in full and Defendants' account is otherwise current;

(f)      Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts

1   owed to Plaintiffs under this Stipulation.  Defendants shall pay all additional attorneys' fees and

2   costs regardless of whether or not Defendants default herein.   Any additional amounts due

3   pursuant to the provisions hereunder shall also be paid in full with the February 15, 2014

4   stipulated payment; and

5           (g)     Failure to comply with any of the above terms shall constitute a default of

6   the obligations under this Stipulation and the provisions of ¶11 shall apply.

7           5.      In the event that any check is not timely submitted or fails to clear the bank, or is

8   unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be

9   considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written

10  demand to Defendants by both email and regular U.S. Mail to cure said default **within seven (7)**

11  **days of the date of the notice from Plaintiffs**.  If caused by a failed check, default will only be

12  cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law

13  Corporation within the seven (7) day cure period.  If Defendants elect to cure said default, and

14  Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's*

15  *check* at Plaintiffs' request.  In the event default is not cured, all amounts remaining due hereunder

16  shall be due and payable on demand by Plaintiffs.

17          6.      Beginning with contributions due for hours worked by Defendants' employees

18  during the month of February 2013, due on March 15, 2013 and delinquent if not received by the

19  Trust Funds before the last business day of the month, and for every month thereafter until this

20  Judgment is satisfied, **Defendants shall remain current in contributions** due to Plaintiffs under

21  the current Collective Bargaining Agreements and under all subsequent Collective Bargaining

22  Agreements, if any, and the Declarations of Trust as amended.  Defendants shall fax or email a

23  copy of its contribution report for each month, together with a copy of that payment check, *to*

24  *Michele R. Stafford at* mstafford@sjlawcorp.com *and/or 415-882-9287*, prior to sending the

25  payment to the Trust Fund office.

26          Failure to comply with these terms shall also constitute a default of the obligations

27  under this Agreement and the provisions of ¶11 shall apply.

28

7.     Defendants shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job.  To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said reports *will be faxed to Michele R. Stafford* concurrently with its submission to the General Contractor, Owner or other reporting agency.

These requirements are concurrent with, and in addition to, the requirements set forth above.  Defendants shall email or fax said updated list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶6 of this Stipulation) *to Michele R. Stafford at* [mstafford@sjlawcorp.com](mailto:mstafford@sjlawcorp.com) *and/or 415-882-9287,* on before the last business day of each month.  Attached hereto as ***EXHIBIT A*** is a Job Report Form, which is to be completed each month.

This requirement must be met, regardless of whether or not Defendants have work during a particular Month or not. In the event that there is no work, the job list shall be submitted stating "no work."

8.     Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶11 shall apply.  Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

9.      **Audit:** Should the Trust Funds request an audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement.

(a)      In the event that Defendants have an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendants by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees;

(b)      Defendants will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendants do not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford;

(c)      If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due;

(d)      If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing;

(e)      If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment.  Failure to execute the revised agreement shall constitute a default of the terms herein; and

(f)      Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs' demand shall constitute a default of the obligations under this agreement.  All amounts found due on audit shall

1 | immediately become part of this Judgment.

2 |      10.    Sean Christopher Lyons acknowledges that he is the RMO and is a principal

3 | shareholder of LML ENTERPRISES, INC., and that he specifically consents to the Court's

4 | jurisdiction as well as the use of a Magistrate Judge for all proceedings herein.  Sean Christopher

5 | Lyons, as current CEO/President of Defendant LML Enterprises, Inc., also specifically consents to

6 | this Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein. Mr.

7 | Lyons also confirms that he is personally guaranteeing the amounts due pursuant to the terms of

8 | this Stipulation and further acknowledges that all affiliates, related entities and successors in

9 | interest to LML ENTERPRISES, INC. and/or any subsequent entity wherein Mr. Lyons is a

10 | principal, officer, owner, or possesses any ownership interest shall also be bound by the terms of

11 | this Stipulation as Guarantors, and also consents to this Court's jurisdiction as well as the use of a

12 | Magistrate Judge.  All such entities shall specifically consent to the terms herein and to the Court's

13 | jurisdiction, in writing at the time of any assignment, affiliation or purchase.

14 |      11.    In the event that Defendants fail to make any payment required under ¶4 above, or

15 | otherwise default on their obligations as detailed in this Stipulation, and such default is not timely

16 | cured, the following will occur:

17 |      (a)    The entire balance of **$206,014.69**, as specified in ¶3, plus interest, but

18 | reduced by principal payments received from Defendants, in addition to any unpaid contributions

19 | then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid

20 | contributions, shall be immediately due and payable, together with any attorneys' fees and costs

21 | incurred during the term of this Stipulation;

22 |      (b)    A Writ of Execution may be obtained against Defendants / Guarantor

23 | without further notice to Defendants / Guarantor, in the amount of the unpaid balance plus any

24 | additional amounts due under the terms herein.  Such Writ of Execution may be obtained solely

25 | upon declaration by a duly authorized representative of Plaintiffs setting forth any payment

26 | theretofore made by or on behalf of Defendants / Guarantor and the balance due and owing as of

27 | the date of default;

28 |

1    (c)    Defendants / Guarantor waive any notice of Entry of Judgment or of any

2    Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution

3    and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

4    balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ

5    of Execution, without notice to Defendants / Guarantor; and

6    (d)    Defendants / Guarantor shall pay all additional attorneys' fees and costs

7    incurred by Plaintiffs in connection with collection and allocation of the amounts owed by

8    Defendants / Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

9    12.    Any failure on the part of Plaintiffs to take any action against Defendants /

10   Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall

11   not be deemed a waiver of any subsequent breach by Defendants / Guarantor of any provisions

12   herein.

13   13.    In the event of the filing of a bankruptcy petition by Defendants / Guarantor, the

14   parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

15   have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

16   and shall not be claimed by Defendants / Guarantor as a preference under 11 U.S.C. Section 547

17   or otherwise.    Defendants / Guarantor nevertheless represent that no bankruptcy filing is

18   anticipated.

19   14.    Should any provision of this Stipulation be declared or determined by any court of

20   competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

21   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

22   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

23   Stipulation.

24   15.    This Stipulation is limited to the agreement between the parties with respect to the

25   delinquent contributions and related sums enumerated herein, owed by Defendants / Guarantor to

26   Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

27   Defendants / Guarantor acknowledge that Plaintiffs expressly reserve their right to pursue

28

1  withdrawal liability claims, if any, against Defendants and all of their control group members, as

2  provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective

3  Bargaining Agreements, and applicable laws and regulations.

4        16.    This Stipulation contains all of the terms agreed by the parties and no other

5  agreements have been made.  Any changes to this Stipulation shall be effective only if made in

6  writing and signed by all parties hereto.

7        17.    This Stipulation may be executed in any number of counterparts and by facsimile,

8  each of which shall be deemed an original and all of which shall constitute the same instrument.

9        18.    Defendants / Guarantor represent and warrant that they have had the opportunity to

10  be or have been represented by counsel of their own choosing in connection with entering this

11  Stipulation under the terms and conditions set forth herein, that they have read this Stipulation

12  with care and is fully aware of and represent that they enter into this Stipulation voluntarily and

13  without duress.

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

19.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: February 27, 2013                    **LML ENTERPRISES, INC.**

                                            By: _____/s/_____
                                                   SEAN CHRISTOPHER LYONS

Dated: February 27, 2013                    **SEAN CHRISTOPHER LYONS**

                                            By: _____/s/_____
                                                   Individually as Personal Guarantor

Dated: February 27, 2013                    **SALTZMAN AND JOHNSON LAW CORPORATION**

                                            By: _____/s/_____
                                                   Michele R. Stafford
                                                   Attorneys for Plaintiffs

## <u>ORDER</u>

Pursuant to the above Stipulation, **IT IS SO ORDERED**.  All pending motion, case management and trial dates are **VACATED**.

The Court shall retain jurisdiction over this matter for one year after the date of this Order.

This Order terminates Dkt. No. 6.

**IT IS SO ORDERED**.

Dated: March 4, 2013            _____
                                 YVONNE GONZALEZ ROGERS
                                 UNITED STATES DISTRICT COURT JUDGE

NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION
Case No.: C13-0226 YGR

| EXHIBIT A |
|---|

## JUDGMENT PURSUANT TO STIPULATION

### *JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287
on the <u>15th</u> day of each month \*\*\***

**Employer Name: <u>LML ENTERPRISES, INC. (Painters)</u>**

**Report for the month of _____ Submitted by: _____**

*Please spell out the names of projects, owners and general contractors.*

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

*\*\*\* Attach additional sheets as necessary \*\*\**